**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Dean Morgan, | No. CV-20-08080-PCT-ROS |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Petitioner Mark Dean Morgan was convicted in state court of sexual offenses involving children as well as misconduct involving weapons. After a direct appeal and a petition for post-conviction relief were unsuccessful in the state courts, Petitioner filed a federal petition for writ of habeas corpus. The petition asserts claims based on the trial court allowing the jury to view a portion of a pornographic film, a juror allegedly falling asleep during trial, and the refusal by the state courts to grant a new trial after Petitioner learned the prosecution's expert witness was convicted of theft and perjury after her testimony in Petitioner's trial.

Magistrate Judge John Z. Boyle issued a Report and Recommendation ("R&R") recommending the petition be denied. (Doc. 18). According to the R&R, the claim regarding the pornographic film fails on the merits and Petitioner did not properly raise the remaining two claims in state court. The R&R further concludes, however, that even if Petitioner had raised the latter two claims in state court, they would also fail on their merits. Petitioner filed objections, Respondents filed a response to those objections, and Petitioner

filed a "reply" to Respondents' response. (Doc. 21, 22, 23). Reviewing de novo the portions of the R&R identified in Petitioner's objections, the R&R will be adopted in full.

## BACKGROUND

The R&R provides the relevant background information by citing to the decision by the Arizona Court of Appeals in Petitioner's direct appeal. Petitioner objects to that background, arguing it is inaccurate. Petitioner concedes the facts found by the state court of appeals must be "presumed to be correct." *Thompson v. Runnels*, 705 F.3d 1089, 1091–92 (9th Cir. 2013). But Petitioner argues he has presented sufficient facts and evidence to "rebut this presumption." (Doc. 21 at 2). Petitioner's filings do not present a materially different version of the events relevant to these proceedings. In fact, it is not clear which particular facts set forth by the Arizona Court of Appeals Petitioner believes were inaccurate. As required by statute, the facts set forth by the Arizona Court of Appeals will be accepted as correct. 28 U.S.C. § 2254(e)(1).

The underlying facts, in brief, are that Petitioner was accused of engaging in sexual conduct with two minors "over a period of one to two years." (Doc. 18 at 1). Based on reports from the victims, the police obtained a search warrant for Petitioner's home. Upon executing that warrant, the police discovered a computer containing pornography depicting sexual activity between adults. The police also discovered a shotgun with a short barrel.

Eventually Petitioner was charged with two counts of continuous sexual abuse of a child, two counts of aggravated luring of a minor for sexual exploitation, two counts of luring a minor for sexual exploitation, and one count of misconduct involving weapons based on the shotgun's barrel being too short. Petition pled not guilty and proceeded to trial. The relevant events at trial are described in the context of analyzing Petitioner's claims.

### I.   Standard of Review

It is very difficult for state prisoners to obtain relief from their state convictions in federal court. The statute setting forth the conditions for granting federal habeas corpus relief "reflects the view that habeas corpus is a guard against *extreme* malfunctions in the

state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (emphasis added). To prevail, Petitioner must have raised his claims in state court or, if he failed to do so, he must meet a high bar for the Court to be allowed to reach his claims. *Martinez v. Ryan*, 566 U.S. 1, 10 (2012) ("A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law.").

For those claims addressed by the state courts, Petitioner can obtain relief only if the state court rulings were "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. In other words, the state courts must have "blunder[ed] so badly that every fairminded jurist would disagree" with the state courts' rulings. *Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021). Any claims not addressed by the state court are subject to a less-demanding standard, assuming they can be reached at all. *See Atwood v. Ryan*, 870 F.3d 1033, 1060 n.22 (9th Cir. 2017) (noting when a prisoner overcomes procedural default the claim must be reviewed de novo).

**II.   Playing Pornographic Video**

Petitioner's first claim is his federal due process rights were violated when the state played a portion of a pornographic video during trial. Respondents concede this claim was raised in the state courts such that it should be resolved on the merits here. (Doc. 18 at 9). Understanding what led to the playing of the video requires additional background information regarding information provided by one of the victims.

During a police interview one of the victims stated Petitioner had shown her a video "depicting a man picking up a teenager who was walking home from school before driving to a home where the two engaged in intercourse." *State v. Morgan,* 2017 WL 1325645, at *1 (Ariz. Ct. App. Apr. 11, 2017). Apparently based in part on this information from a victim, the state moved before trial to admit the pornographic videos and images found on Petitioner's computer. *Id.* One of the videos the state sought to admit was consistent with the victim's description. The parties eventually stipulated the state would introduce this

single video but no other videos or images. The record does not disclose the exact theory supporting the state's plan to admit this video, but the record states the admission would be based on Arizona Rule of Evidence 404(b).

During trial, the victim testified about Petitioner showing her a pornographic video, but her description of the video changed. The victim testified she was shown a video that depicted a police officer picking up a woman in the officer's car and the couple having sex in the car. Despite this description, the state then "played for the jury the beginning portion of the video." *Id.* at *1. The video was consistent with the victim's pretrial statement, not her trial testimony. An expert for the state testified the full video did not depict a police officer nor did it depict sex occurring in a car. The Arizona Court of Appeals noted, without explanation, that the video was shown but "not admitted into evidence." *Id.*

Petitioner argued in his direct appeal that showing the video to the jury "violated Federal Constitutional Due Process because there were no permissible inferences the jury [could] draw from the evidence." (Petitioner's Opening Brief, 2016 WL 3598791). The Arizona Court of Appeals rejected that argument, reasoning the unique circumstances of this case did not render playing the video "fundamental error that prejudiced" Petitioner. (Doc. 18 at 9). Despite Petitioner's arguments to the contrary, the Arizona Court of Appeals' decision was not contrary to clearly established Supreme Court authority.

As correctly noted by the R&R, the Ninth Circuit has rejected a very similar argument regarding the introduction of "pornographic materials" in a state criminal prosecution. In that case, a state prisoner had proceeded to trial on charges of child molestation. During trial, the court allowed the prosecution to admit "pornographic materials." *Holley v. Yarborough*, 568 F.3d 1091, 1101 n.2 (9th Cir. 2009). It was not clear why that evidence had been admitted as it did not seem relevant to the charged crimes. But the state prisoner was convicted and later sought relief in federal court. In his federal proceedings the state prisoner argued admitting the pornographic materials violated his federal due process rights. The Ninth Circuit concluded admission of the evidence did not merit habeas relief because the admission was not contrary to existing Supreme Court

- 4 -

authority.

According to the Ninth Circuit, as of 2009 the Supreme Court had "not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Holley*, 568 F.3d at 1101. Under Ninth Circuit authority, "admission of the pornographic materials resulted in a trial that was fundamentally unfair" such that the defendant would have been entitled to relief. *Id.* at 1101 n.2. But relief is possible for a state prisoner only when the state courts departed from Supreme Court authority, not merely Ninth Circuit authority.

Petitioner has not cited, and the Court has not located, any Supreme Court authority after the Ninth Circuit's decision in *Holley* addressing the constitutionality of admitting evidence such as that presented in Petitioner's trial. Absent Supreme Court authority establishing the introduction of such evidence violates an individual's federal due process rights, Petitioner's first claim fails on the merits.

**III. Sleeping Juror**

Petitioner's second claim is based on the trial court's failure to excuse a juror who may have slept during portions of the trial. The R&R explains why this claim is procedurally defaulted. (Doc. 18 at 11). In short, Petitioner did not make a federal claim involving the allegedly sleeping juror while pursuing relief in state court. Instead, Petitioner argued the allegedly sleeping juror violated his rights under Arizona, not federal, law. That procedural bar means Petitioner's claim does not merit relief even before discussing the merits.

Assuming the Court could reach the merits, the R&R is correct that Petitioner would not be entitled to relief. Petitioner has not identified any authority from the United States Supreme Court establishing it violates federal law for a juror to be observed to have fallen asleep during portions of a trial. It is Supreme Court authority, not Ninth Circuit authority, that matters. But even if the Court could rely on Ninth Circuit authority, the allegedly sleeping juror would not merit relief. The Ninth Circuit has rejected the argument that a sleeping juror necessarily deprives a defendant of a fair trial. "The presence of a sleeping

juror during trial does not, per se, deprive a defendant of a fair trial." *United States v. Olano*, 62 F.3d 1180, 1189 (9th Cir. 1995). Whether procedurally defaulted or examined on the merits, the R&R correctly concludes the second claim fails.

Petitioner filed lengthy objections to the R&R's analysis of this claim. Those objections, however, involve his belief that he properly argued this issue in state court such that the claim is not procedurally defaulted. Having reviewed the arguments presented to the state courts, the R&R is correct that Petitioner did not adequately describe this issue as based on federal law. Petitioner's other objections regarding this claim involve his belief that some jurors may have been sleeping during crucial testimony from the state's expert. (Doc. 21 at 12). And Petitioner claims it was "objectively unreasonable" for the trial court not to "hold voir dire or otherwise inquire" into the extent of the jurors' sleeping. (Doc. 21 at 13). Petitioner does not, however, identify controlling Supreme Court authority that such inquiry is required. Accordingly, even if Petitioner's objections were credited on the procedural status of this claim and the merits could be reached, Petitioner would not be entitled to relief.

**IV.   Due Process Involving Expert Witness**

Petitioner's final claim is premised on the state eliciting testimony from a "blind expert witness." That term refers to the fact that the expert offered general opinions regarding the victims of child abuse, such as how children respond to abuse. The expert was deemed "blind" because she did not testify to any factual information regarding Petitioner's actions. After Petitioner was convicted, the blind expert witness was indicted on 24 counts of fraudulent schemes, theft, forgery, and perjury. Those charges stemmed from her conduct in other cases, such as submitting forged documents in support of expense and travel reimbursements. The blind expert witness eventually pled guilty to few of the offenses.

After learning of the crimes committed by the blind expert witness, Petitioner filed a petition for post-conviction relief in state court arguing the newly discovered evidence entitled him to a new trial. The state trial court denied that petition, concluding the

testimony from the expert witness was "collateral to the direct evidence presented at trial" regarding the various charges. (Doc. 18 at 14). In other words, the potential impeachment of the expert witness's testimony did not undermine the evidence of Petitioner's guilt. Petitioner did not file a petition for review with the Arizona Court of Appeals. Thus, as correctly observed by the R&R, the claim is unexhausted and procedurally defaulted. However, the R&R also correctly concludes the claim fails on the merits.

Petitioner's objections regarding this claim appear to focus on the merits analysis. According to Petitioner, it violated his federal rights not to grant him a new trial because had he been able to impeach the expert witness with evidence of her crimes, "it is reasonable that jury members would not have placed weight on her testimony" and "a juror acting reasonably would maintain reasonable doubt." (Doc. 21 at 18). But there is no convincing reason to believe successfully attacking the credibility of an expert testifying about general matters would have undercut the state's case to that degree. As explained by the state trial court, the newly available impeachment evidence was "collateral" and there was sufficient "direct evidence" that, even assuming Petitioner had impeached the expert, the outcome would have been the same. (Doc. 18 at 14). Having reviewed the expert's testimony, as well as the evidence directly supporting Petitioner's guilt, the state court's conclusion was reasonable.[1]

### V. Evidentiary Hearing and Certificate of Appealability

The R&R recommends the Court not hold an evidentiary hearing nor grant a certificate of appealability. Petitioner objects to both recommendations but does not provide specific arguments on either. Even considering both issues de novo, there is no basis to hold an evidentiary hearing nor is there an adequate basis for a certificate of

---

[1] Petitioner's objections contain a lengthy discussion of his "actual innocence." (Doc. 21 at 4-6). Based on those objections, Petitioner may be attempting to pursue what is known as a "freestanding actual innocence" claim. *Gimenez v. Ochoa*, 821 F.3d 1136, 1145 (9th Cir. 2016). Assuming Petitioner is attempting to do so, and assuming such a claim could be heard, Petitioner has fallen short of establishing a plausible basis for such a claim. A "freestanding actual innocence" claim would require evidence that goes "beyond demonstrating doubt about [Petitioner's] guilt, and must affirmatively prove that [Petitioner] is probably innocent." *Id.* Petitioner's arguments and evidence do not prove his innocence.

appealability.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 18) is **ADOPTED IN FULL**. The petition for writ of habeas corpus (Doc. 1) is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall close this case.

**IT IS FURTHER ORDERED** the Motion for Status Update (Doc. 26) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of portions of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 29th day of August, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge